UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EULER HERMES SERVICES – AG** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-1451** |
| **RAYTHEON COMPANY** | **SECTION "C"** |

**ORDER AND REASONS** [1]

Before the Court is defendant Raytheon Company's motion to transfer the pending action to the Eastern District of Virginia pursuant to 28 U.S.C.§ 1404(a). (Rec. Doc. 7). In support of its motion, the defendant argues that a transfer would serve the interests of the parties and witnesses and allow for increased judicial and fiscal economy. Having considered the record, the motion and opposition thereto, and the applicable law, the Court hereby DENIES the motion for transfer of venue.

**I.      Background**

The plaintiff, Euler Hermes Services, AG ("Euler Hermes") asserts that Raytheon entered into a contract with the Swiss Confederation Defence Procurement Agency to supply 520 Stinger Night Sights. Article 22 of the Swiss Army contract states that Walter Electronic AG, CH 8370 Sirnach ("Walter Electronic") was designated as Raytheon's sales agent. According to a separate agreement, Walter Electronic was to receive remuneration from Raytheon as its agent.

---

[1] Gregory Zitterkob, a second-year student at Tulane University Law School, assisted in the research and preparation of this Order and Reasons.

At the time the Swiss Army contract was executed, Mr. Hans Peter Walter was the Chairman of the Board of Directors and General Manager of Walter Electronic.

According to the plaintiff, Raytheon subsequently entered into a new contract with HPW Representations, a Swiss sole proprietorship owned by Mr. Walter. The plaintiff alleges that the payments owed to Walter Electronic were sent instead to Mr. Walter's personal bank account. Raytheon in turn contends that all the payments to Mr. Walter were made in accordance with written instructions and directives that Mr. Walter provided in his capacity as Chairman of the Board and General Manager of Walter Electronics.

In 2000 Walter Electronic filed for bankruptcy. Several companies assisted in its liquidation, including plaintiff Euler Hermes, a Swiss corporation. The Bankruptcy Court of Kantons Thurgau in Switzerland considered the debt that Raytheon allegedly owed to Walter Electronic under the Swiss Army Contract as a potential asset of the bankruptcy estate. Consequently, the Bankruptcy Agency of Thurgau granted Euler Hermes power of attorney to collect the $540,997.92 that Raytheon allegedly owes to Walter Electronic and ultimately to its creditors in liquidation. As Walter Electronic's bankruptcy trustee, Euler Hermes instituted this action on April 18, 2005 to recoup the debt.

In its motion to transfer, the defendant concedes that it owns a warehouse in Jefferson Parish and that for the purposes of venue under 28 U.S.C. § 1391 it "resides" in the Eastern District of Louisiana. However, the plaintiff asserts that, to the best of its knowledge, the defendant also has a contract with the U.S. Marine Corps whereby it maintains two UC-35 Cessna Citation VIP passenger twin engine jets at the Naval Air Station in Belle Chasse, located in Plaquemines Parish within the Eastern District of Louisiana.

**II.     Law and Analysis**

As grounds for its motion, Raytheon argues the following: (1) neither the acts or omissions giving rise to the action nor the parties involved have a significant connection, if any, to Louisiana; (2) critical non-party witnesses are located in the Eastern District of Virginia and are beyond the subpoena power of this Court; and (3) the transfer of this matter will better serve the convenience of the parties and witnesses and will also allow for increased judicial and fiscal economy.  A civil action where jurisdiction is founded only on diversity of citizenship may be brought in the judicial district where the defendant resides.  See 28 U.S.C. § 1391(a).  "For purposes of venue…a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."  28 U.S.C. § 1391(c).  As Raytheon concedes, it owns and operates a warehouse in the Eastern District of Louisiana.  This alone satisfies the requirement for personal jurisdiction, without taking into consideration Raytheon's alleged operations at the Naval Air Station in Plaquemines Parish.  Therefore, the defendant is subject to the jurisdiction of this Court pursuant to 28 U.S.C. § 1391.

In support of its motion to transfer, the defendant argues that transfer is proper under the doctrine of *forum non conveniens* and 28 U.S.C. §1404.  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The Supreme Court has held that transfers under § 1404 (a) are different than dismissals on the ground of *forum non conveniens.* Piper Aircraft Co. v. Reyno, 454 U.S. 235, 253 (1981). In fact, "[d]istrict courts were given more discretion to transfer under § 1404(a) than they had to dismiss on grounds of *forum non conveniens*." Id. (citing Norwood v. Kirkpatrick, 349 U.S 29, 31-32 (1955).  Given

the more liberal standard under §1404(a), dismissal on the grounds of *forum non conveniens* is now available only when the more convenient forum is a foreign tribunal.  See American Dredging Co. v. Miller, 510 U.S. 443, 449 (1994) (internal citations omitted).  Therefore, the defendant's motion to transfer is properly analyzed under § 1404(a) and not under the doctrine of *forum non conveniens*.

If an action is to be transferred under § 1404(a), it must be to a district where the action "might have been brought" by the plaintiff.  Hoffman v. Blaski, 363 U.S. 335, 343-344 (1960).  For transfer to be proper, the transferee court must have subject matter jurisdiction over the action and personal jurisdiction over the parties. See id. Given that the defendant purportedly maintains a "fully staffed office" in Arlington, Virginia, (see Rec. Doc. 7 at 5), the Eastern District of Virginia appears to be a district where the action "might have been brought" in the first place.  As to the threshold element of jurisdiction, transfer would be appropriate.

After establishing proper jurisdiction, the Court must consider various discretionary factors to determine the convenience of the alternative forum.  The purpose of § 1404(a) is to avoid wasting judicial resources as well as to safeguard parties, witnesses, and the public against avoidable inconvenience and expense. James Wm. Moore, Moore's Federal Practice, Judicial Code Title 28, United States Code § 1404.2[2] (citing Lexecon Inc., et al. v. Milberg Weiss Bershad Hynew and Lerach, 523 U.S. 26, 33 (1998)).  "The determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." Action Indus., Inc. v. U.S. Fid. & Guar. Co., 358 F.3d 337, 340 (5th Cir. 2004) (citing Syndicate 420 at Lloyd's London v. Early Am. Ins., Co., 796 F.2d 821, 827 (5th Circ. 1986)).  The Fifth Circuit has provided the following discretionary factors to balance these private and public interests to govern transfer of venue:

> These private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.  The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

Action Indus., Inc., 358 F.3d at 340 (internal citations omitted).

In the present case, only the private factors are relevant.  The defendant argues in support of its motion to transfer that "none of the witnesses or evidence necessary for the prosecution or defense…is located in Louisiana."  (Rec. Doc. 7 at 6).  The defendant further asserts that its witnesses are located in Virginia, which is over 100 miles outside the Eastern District of Louisiana and beyond the subpoena power of this Court.  While the availability of compulsory process to secure the attendance of witnesses at trial is a valid consideration, the defendant has failed to identify any critical non-party witnesses who would not be subject to a subpoena.  Given the nature of this action for breach of contract, most of the evidence to be presented is likely to be documentary materials, the testimony of the parties to the contract, and the contract itself.  Therefore, compulsory process on potential witnesses does not appear to be a significant issue in this case.

The defendant also suggests that a transfer to Virginia would be "more convenient for Raytheon's witnesses. . . ."  (Rec. Doc. 7 at 6).  However, a naked assertion of mere inconvenience is insufficient support for a motion to transfer under § 1404(a).  While the cost of attendance for willing witnesses is a relevant factor, the defendant makes no mention of any undue financial burden associated with transporting witnesses to New Orleans, Louisiana.

Noting the presence of more easily accessible international airports in and around the Eastern District of Virginia, the defendant also suggests that it would be a more convenient forum for the plaintiff. However, as it states in its memorandum in opposition to the motion, the plaintiff chose the Eastern District of Louisiana with full knowledge of its accessibility from Europe. Moreover, a conclusory argument that one venue is simply more convenient than another fails to prove convenience in terms of the factors to be considered.

The Fifth Circuit has stated that "unless the balance [of public and private factors] is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Syndicate 420 at Lloyd's London v. Early Am. Ins. Co., 796 F.2d 821, 828 (5th Cir. 1986) (quoting Gulf Oil v. Gilbert, 330 U.S. 501, 508 (1947)). In the case at issue, the defendant has failed to establish that these factors favor a transfer to the Eastern District of Virginia. Therefore, this Court finds no compelling reason to disturb the plaintiff's choice of the Eastern District of Louisiana as the venue for this action.

### III. Conclusion

Accordingly, IT IS ORDERED that the defendant's motion to transfer is hereby DENIED.

New Orleans, Louisiana, this 20th day of July, 2005.

                          HELEN G. BERRIGAN
                        UNITED STATES DISTRICT JUDGE